UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BARNES GROUP, INC.,**

      **Plaintiff,**                        Case No. 2:07-cv-1164
                                             JUDGE GREGORY L. FROST
      v.                              Magistrate Judge Norah McCann King

**MIDWEST MOTOR
SUPPLY CO., INC., et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1)  Defendant Kim Kreyenbuhl's motion to dismiss (Doc. # 19) and supporting memorandum (Doc. # 20),

(2)  Defendant Kevin Christy's motion to dismiss (Doc. # 21) and supporting memorandum (Doc. # 22),

(3)  Defendant Stanley Stolberg's motion to dismiss (Doc. # 23) and supporting memorandum (Doc. # 24),

(4)  Defendant Thomas Farrar's motion to dismiss (Doc. # 25) and supporting memorandum (Doc. # 26),

(5)  Defendant James Woods' motion to dismiss (Doc. # 27) and supporting memorandum (Doc. # 28),

(6)  Defendant Timothy McGowan's motion to dismiss (Doc. # 29) and supporting memorandum (Doc. # 30),

(7)  Defendant Sherman Albrecht's motion to dismiss (Doc. # 31) and supporting

1

memorandum (Doc. # 32),

(8) Defendant Robert Albrecht's motion to dismiss (Doc. # 33) and supporting memorandum (Doc. # 34),

(9) Defendant Larry Holmquist's motion to dismiss (Doc. # 35) and supporting memorandum (Doc. # 36); and

(10) Defendant Kimball Midwest's motion to dismiss (Doc. # 37) and supporting memorandum (Doc. # 38).

Also before the Court are Plaintiff's omnibus memorandum in opposition (Doc. # 42) and Defendants' omnibus reply memorandum (Doc. # 43). For the reasons that follow, the Court finds the motions well taken in part.

## I. Background

Plaintiff, Barnes Group, Inc., which does business as Barnes Distribution, is a Delaware corporation with an operating division located in Cleveland, Ohio. Defendants Kim Kreyenbuhl, Kevin Christy, Stanley Stolberg, Thomas Farrar, James Woods, Timothy McGowan, Sherman Albrecht, Robert Albrecht, and Larry Holmquist ("the individual defendants") are all former employees of Plaintiff, whether original hires or by merger, who now work for Defendant Midwest Motor Supply Co., Inc., which is an Ohio corporation that does business as Kimball Midwest. Plaintiff alleges that the individual defendants are violating restrictive covenants, confidentiality agreements, and non-disclosure agreements by engaging in prohibited selling and solicitation, as well as personally using Plaintiff's confidential customer information. Plaintiff also alleges that the individual defendants are engaging in "flip-flopping," which is divulging Plaintiff's confidential customer information to other Kimball Midwest employees, who in turn

solicit business from those potential customers.

None of the individual defendants live in Ohio. Instead, several live in Utah, while others live in Texas. Still another, Defendant McGowan, lives in Kentucky and is purportedly working for Kimball Midwest in Cincinnati, Ohio.

On November 9, 2007, Plaintiff filed a six-count complaint asserting the following state law claims: (1) breach of contract against the individual defendants, (2) violation of the Ohio Uniform Trade Secrets Act against all defendants, (3) tortious interference with existing and prospective business relations against all defendants, (4) tortious interference with contractual relations against Defendant Kimball Midwest, (5) tortious interference with contractual relations against Defendant McGowan and Defendant Kimball Midwest, and (6) unfair competition against all defendants. (Doc. # 2 ¶¶ 187-214.) Plaintiff also sought injunctive relief on that same day.

The Court therefore held a November 20, 2007 status conference/S.D. Ohio Civ. R. 65.1(a) informal preliminary conference with counsel for the numerous parties. As a result of that conference, the Court held in abeyance Plaintiff's motion for a preliminary injunction (Doc. # 3) and motion for expedited discovery (Doc. # 4) until disposition of motions to dismiss that Defendants indicated they would soon be filing. Following the filing of those motions (Docs. # 19, 21, 23, 25, 27, 29, 31, 33, 35, 37), the parties completed their briefing. The motions are now ripe for disposition.

## II.  Discussion

### A.  Venue

Under Federal Rule of Civil Procedure 12(b)(3), a defendant can raise by motion the defense of "improper venue."  Once a defendant raises the defense of improper venue, those district courts in this Circuit that have addressed the issue have generally assigned the plaintiff the burden of establishing that venue is proper for each claim asserted in the complaint. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002); *NCR Corp. v. Gartner Group, Inc.*, No. C-3-96-121, 1997 WL 1774881, at *3 (S.D. Ohio Sept. 15, 1997).  *But see* 2 James W. Moore, *Moore's Federal Practice* §12.32[4], at 12-50.1 (3d ed. 2003) ("Generally, the party challenging venue has the burden of proving its impropriety"); 17 James W. Moore, *Moore's Federal Practice* §110.01[5][c], at 110-22 to 110-22.1 (3d ed. 2003) (collecting several Sixth Circuit district court cases placing the burden on the defendant).  This Court regards the assignment of the burden to a plaintiff with suspicion, given the nature of the affirmative defense being asserted, but notes that even an erroneous assignment of the burden in this case would be harmless given the following analysis.  *See Johnson v. Frederick and Lewis Timber and Equip. Co.*, 181 F.3d 101, 1999 WL 313876, at *2 (6th Cir. 1999) (unpublished table decision) (identifying improper venue as an affirmative defense); *United States v. 31,200 Talwin 50 mg Tablets & Various Other Controlled Substances*, 812 F.2d 1409, 1987 WL 36256, at *1 (6th Cir. 1987) (unpublished table decision) (same).

More clear is that a district court may in its discretion choose to dispose of a motion to dismiss for improper venue upon written submissions alone or by conducting an evidentiary hearing.  *Centerville ALF, Inc.*, 197 F. Supp. 2d at 1046.  If the district court decides the motion

without a hearing, the " 'plaintiff must present only a *prima facie* showing of venue,' " *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (quoting *DeLong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)), and the court " 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.' " *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980), *cert denied*, 450 U.S. 981 (1981)).

28 U.S.C. § 1391 is the general venue provision for diversity actions. It states the following:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Analyzing this case under the statute, this Court must conclude that the Southern District of Ohio is not the proper venue for Plaintiff's claims.

Plaintiff does not rely on the first two subsections of § 1391(a) to support its argument that venue is proper. This is understandable. Subsection 1391(a)(1) cannot apply because all defendants do not reside in Ohio; only Defendant Kimball Midwest resides in this state.

Similarly, § 1391(a)(2) cannot apply because for most of the defendants, no *substantial* part of the alleged events giving rise to Plaintiff's claims occurred in Ohio. This is not a case in which the underlying, allegedly breached employment agreements were negotiated or executed in this District, and the individual defendants (excluding Defendant McGowan) did not target

5

Ohio markets and customers.  *See Parenteau v. Century Bank*, No. 2:07-CV-851, 2008 WL 281626, at *3 (S.D. Ohio Jan. 31, 2008) ("In the context of an action for breach of contract, courts making venue determinations have looked to such factors as where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.").  Given the customers and job duties of the individual defendants, no substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Ohio.  *See id.*  Thus, the proper venue for Plaintiff's various claims under § 1391(a)(2) lies in Kentucky, Texas, and Utah, depending on the defendant involved.  *See Ward v. Flying J Inc.*, No. 2:06-cv-0210, 2007 WL 2323376, at *8 (S.D. Ohio Aug. 9, 2007) (holding that venue in the Southern District of Ohio was improper when the alleged breaches of contract and torts occurred in locations outside the district).

Defendant McGowan's alleged conduct presents an exception.  In addition to asserting conduct that would make venue in Texas and Kentucky proper, Plaintiff's pleading asserts that McGowan also attempted to establish a relationship on behalf of Defendant Kimball Midwest with the Ohio-based Motion Industries (and by extension, that company's clients) in contravention of his contractual prohibitions.  (Doc. # 2 ¶¶ 155-60.)  According to McGowan's own declaration (Doc. # 30-2), some of McGowan's purported actions did involve Motion Industries.  Although McGowan states that he has not made any sales to Motion Industries, his contractual restrictions extend beyond only selling.  Thus, the fact that McGowan targeted an Ohio customer in violation of the contractual restrictions upon him would constitute a substantial part of the events or omissions giving rise to the claims against him so as to make venue in this District proper.  This, of course, does not mean that transfer is not appropriate under 28 U.S.C. §

1404(a), an issue addressed below.

This leaves § 1391(a)(3) as the only possible basis for proper venue here for the remaining individual defendants. Defendants argue that venue is improper under § 1391(a)(3) because Plaintiff could have brought its claims against the individual defendants in various other districts, while bringing its related claims against Defendant Kimball Midwest in any of these states where the individual defendants reside. Plaintiff disagrees, asserting that whether "there are other judicial district where one or more of the Defendants may also be sued . . . is not the appropriate test." (Doc. # 42, at 18.) Rather, Plaintiff argues, "[a]s long as there is a judicial district in which at least one defendant is subject to personal jurisdiction, as is the case here, then venues lies." (Doc. # 42, at 19.) Thus, because neither Defendant Kimball Midwest nor Defendant McGowan contest personal jurisdiction here, Plaintiff concludes that venue is proper for *all* named parties.[1] To support this conclusion, Plaintiff cites precedent from outside this Circuit,[2] asserting that "[c]ourts interpreting Section 1391(a)(3) have made clear than Section

---

[1] Plaintiff overlooks that for the *individual* defendants, personal jurisdiction does not equal venue. In contrast, the existence of personal jurisdiction over a corporation statutorily establishes residency for venue purposes. 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

[2] Plaintiff misinterprets, however, the import of the Second Circuit's construction of § 1391(a)(3). That Circuit does *not* interpret § 1391(a)(3) to establish venue when venue would be proper elsewhere under §§ 1391(a)(1) or (a)(2). *See Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("The phrase 'if there is no district in which the action may otherwise be brought' indicates that venue may be based on § 1391(a)(3) 'only if neither [§ 1391(a)(1) or (2) ] can be satisfied.' 1A James W. Moore, *Moore's Federal Practice* ¶ 0.342[3], at 4083. It does *not* mean that venue is improper in one district merely because there is another equally appropriate district in which the defendants are subject to personal jurisdiction at the time the action is commenced. *See id.*"). A plaintiff can elect to rely on either § 1391(a)(1) or § 1391(a)(2) as appropriate, but cannot rely on § 1391(a)(3) if one of the other subsections is applicable. In other words, if (a)(1) or (a)(2) can apply, (a)(3) cannot apply. Subsection (a)(3)

1391(a)(3) does not dictate . . . that venue is improper any time that the case could be brought in another judicial district." (Doc. # 42, at 19.)

The foregoing leads to two conclusions. First, two defendants cannot obtain outright dismissal on grounds of improper venue. As noted, Defendant Kimball Midwest and Defendant McGowan did not challenge personal jurisdiction in their respective motions to dismiss challenging venue. Both of these defendants have also engaged in sufficient activity in this District that forms the basis for the claims against them.[3]

Second, proper venue for these *two* identified defendants does not establish proper venue for *all* defendants. In an action involving multiple defendants, venue must be proper as to every defendant. *Delta Media Group, Inc. v. Kee Group, Inc.*, No. 5:07CV01597, 2007 WL 3232432, at *6 (N.D. Ohio 2007) (citing *IA, Inc. v. Thermacell Tech ., Inc.,* 983 F. Supp. 697, 700 (E.D. Mich. 1997)). *See also Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 812 (E.D. Mich. 2000) ("venue must be proper with respect to *all* defendants in cases with multiple defendants").

Section § 1391(a)(3) does not create venue in this District toward the remaining defendants. A judicial officer in our sister district has previously held that "[b]ecause [an] action could have been brought in another district, 28 U.S.C. § 1391(a)(3) does not apply." *Medquist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D.Ohio 1999). Other courts have also adopted this

---

does not operate to divest application of (a)(1) or (a)(2); both (a)(1) and (a)(2) can apply at the same time.

[3] The Court recognizes that Defendant McGowan's conduct that targeted Ohio is only slightly greater than those of the other individual defendants. Even if the Court errs in deeming Defendant McGowan's conduct sufficient to establish venue, the Court's transfer under § 1404(a) essentially moots the error, because absent venue, the Court could effectuate a transfer under § 1406(a).

approach.  For example, the Second Circuit has stated:

> As this court has previously explained in discussing an analogous venue alternative in § 1391(a)(3) (relating to diversity jurisdiction), the phrase "if there is no district in which the action may otherwise be brought" indicates that venue may be based on that subsection only if venue cannot be established in another district pursuant to any other venue provision.  *See Doctor's Assocs. v. Stuart,* 85 F.3d 975, 983 (2d Cir.1996) (citing 1A *Moore's Federal Practice* ¶ 0.342[3], at 4083); *see also* Wright, Miller & Cooper, 15 *Federal Practice and Procedure* § 3802.1 (Supp. 2005) (describing § 1391(a)(3), like § 1391(b)(3), as a "fallback" provision available only when there is no district in which venue can be laid pursuant to (a)(1) and (a)(2)).

*Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 434-35 (2d Cir. 2005).  *See also Farmer v. Levenson*, 79 F. App'x 918, 920 (7th Cir. 2003) ("Levenson and Herrera both reside in Georgia, so venue is not proper under § 1391(a)(1).  Nor is venue proper under § 1391(a)(2), since the events giving rise to this action took place in the Northern District of Georgia.  And because there is another district where the Farmers could sue, venue is not proper under § 1391(a)(3)."); *Tom Raper Homes, Inc. v. Mowery & Youell, Ltd.*, No. 1:06-cv-00394-SEB-JMS, 2007 WL 1035121, at *6 (S.D. Ind. Feb. 9, 2007) ("Defendants are neither subject to personal jurisdiction in the Southern District of Indiana, nor do they 'reside' here for purposes of 28 U.S.C. § 1391(a)(1).  Similarly, venue would not be proper under § 1391(a)(2), since all the events giving rise to this action, as described above, took place in Ohio.  Clearly, there is another district where Tom Raper could sue, which renders its choice of venue in Indiana, compared to Ohio, improper under § 1391(a)(3)." (citation to record omitted)); *Pulse Technologies, Inc. v. Dodrill*, No. 06-4549, 2006 WL 3589028, at *5 (E.D. Pa. Dec. 7, 2006) (holding that "[v]enue is also not proper under § 1391(a)(3) because this case could be brought in another district").

Another judicial officer has emphasized the critical role that the availability of another

9

forum plays in § 1391(a)(3) analysis:

> [I]n this matter, the District of Arizona provides a proper venue for the action and there is, therefore, another district in which the action could have been brought. While subsection (3) has been found to be broad, its purpose is "presumably owing to a desire to provide some forum for relief of claims, when no forum would otherwise be available." *Burris v. Lindsey & Assoc.,* 2005 WL 1182384 (W.D. Mo. May 17, 2005) (unreported disposition). The provision has thus been interpreted according to its plain meaning, making it inapplicable to a situation where, as here, there is another appropriate and available forum for Plaintiff's grievances to be addressed. *See e.g. id.; Fanselow v. Rice,* 213 F.Supp.2d 1077, 1080 (D. Neb. 2002).

*Medicap Pharmacies, Inc. v. Faidley*, 416 F. Supp. 2d 678, 683 (S.D. Iowa 2006). *See also Osan Ltd. v. Accenture LLP*, No. Civ.A. 04-1296(RWR), 2005 WL 2902246, at *4 (D.D.C. Sept. 30, 2005) ("Venue in the District of Columbia cannot be premised on § 1391(a)(3) because the evidence demonstrates that in accord with § 1391(a)(2) venue could rest in another district. Therefore, venue pursuant to § 1391(a)(3) is not available."); *Bell v. Classic Auto Group, Inc.*, No. 04 Civ. 0693(PKC), 2005 WL 659196, at *6 (S.D.N.Y. Mar. 21, 2005) (holding "the fall-back venue provision[] of 1391(a)(3) . . . inapplicable" because "there is another district in which venue would lie"); *First Health Group Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 31, 2000) ("§ 1391(a)(3) is inapplicable because there is another district in which this action may be brought"); *Henshell Corp. v. Childerston*, No. CIV. A. 99-2972, 1999 WL 549027, at *3 (E.D. Pa. July 28, 1999) ("Because there is a district . . . where venue is proper, § 1391(a)(3) will not provide a basis for venue in the Eastern District of Pennsylvania as there exists a 'district in which the action may otherwise be brought.' " (quoting § 1391(a)(3))); *Stallone v. Fagan*, No. Civ. A. No. 94-4012, 1994 WL 702924, at *1 (E.D. Pa. Dec. 13, 1994) ("[I]n order for venue to be lie under § 1391(a)(3) there must not be another

district where venue can be laid under § 1391(a)(1) or (a)(2)."). Commentators have agreed with this construction of § 1391(a)(3). *See* 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3802.1 (stating that "subdivision (a)(3) is a fallback provision . . . that . . . can be used only if there is no district in which venue can be laid under subdivisions (a)(1) or (a)(2)."); *see also* 17 James W. Moore, *Moore's Federal Practice* §110.02[2][d], at 110-25 to 110-28 (3d ed. 2003) .

The foregoing authority indicates that § 1391(a)(3) applies only when there is *not* another available district. The plain language of the statute compels that construction. The last portion of the third provision, or clause, of § 1391(a)–"if there is no district in which the action may otherwise be brought"–renders "the third clause operative only when venue cannot be satisfied under either of the other two clauses." *LaCroix v. Am. Horse Show Ass'n*, 853 F. Supp. 992, 1000 n.6 (N.D. Ohio 1994) (construing § 1391(a)(3)). Thus, if there are two equally appropriate districts in which a case could be brought, then § 1391(a)(3) does not apply. A plaintiff can elect to proceed in either district under such circumstances. It is only when a plaintiff can satisfy neither § 1391(a)(1) nor § 1391(a)(2) that § 1391(a)(3) applies, providing a forum when a forum would not otherwise exist.

Here, it is apparent that venue exists in the various states in which the individual defendants reside. Defendant Kimball Midwest is subject to personal jurisdiction in these other jurisdictions where the individual defendants reside, which is where the purported intertwined and substantial actions underlying the complaint occurred. Plaintiff has therefore failed to satisfy any portion of § 1391(a). Accordingly, this Court must conclude that venue is improper in the instant case toward all defendants but Defendant Kimball Midwest and Defendant

McGowan.

### B. Personal Jurisdiction

Because the Court has already determined that venue is improper in regard to eight defendants, the Court need not and does not address those arguments as to whether there is also a lack of personal jurisdiction over some but not all of the defendants here. Consequently, the Court denies as moot those aspects of the motions to dismiss predicated on a want of personal jurisdiction.

### C. Transfer

In the event that this Court found that venue was proper, Defendants then requested transfer under 28 U.S.C. § 1404(a). Even when venue is proper, this Court can still effectuate transfer to a more convenient forum pursuant to that statute, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The Court finds the request well taken in regard to Plaintiff's claims against Defendant McGowan (and by logical extension the related claims against Defendant Kimball Midwest). Transfer of these claims is warranted under § 1404(a) given the limited contacts with Ohio and the burdens of litigating here offenses that allegedly took place substantially in Kentucky and Texas, where the majority of witnesses and evidence exist. The increased ease of access to sources of proof that transfer would promote and the availability of process to compel attendance of unwilling witnesses further support invoking § 1404(a). Although the Court recognizes the

effect of transfer on Plaintiff, on balance it would be unfair to Defendant McGowan to force him to litigate in this District when the interest of justice and issues of convenience and practicality favor transfer. The related claims against Defendant Kimball Midwest logically follow suit and inform this Court's exercise of its discretion.[4] *See Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 813 (E.D. Mich. 2000).

Because the Court has determined that venue in this District is improper in regard to all defendants save Defendant Kimball Midwest and Defendant McGowan, the Court need not address the moot alternative argument that transfer under § 1404(a) is warranted for the other eight defendants. *See Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960) (holding that the transferee court must have personal jurisdiction and proper venue over the action, notwithstanding the defendant's willingness to waive them, before a transfer under § 1404(a) is proper).

Having determined that venue in this District is improper in regard to the identified eight individual defendants, the extant issue is what action this Court should now undertake. When venue is not proper, a district court may, in its discretion, either dismiss the case or transfer it to any other place the case might have been brought. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir. 1998). Unlike in a § 1404(a) transfer, a court need not first possess personal jurisdiction prior to

---

[4] The Court will discuss with Plaintiff at the status conference discussed below whether Plaintiff seeks to proceed against only Defendant Kimball Midwest in this District.

13

engaging in a § 1406(a) transfer. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)).

The Sixth Circuit has explained, however, that "[a] transfer under § 1406(a) is required only in cases where it is in the interest of justice." *Caldwell v. Med. Council of California*, Nos. 96-5920 & 96-5921, 1997 WL 234612, at *1 (6th Cir. 1997) (citing *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986)). No party has asserted that the interest of justice require a transfer under § 1406(a). Plaintiff has not, for example, explained what if any prejudice a dismissal as opposed to transfer would cause. Moreover, the alleged facts indicate that Plaintiff can proceed in various districts; so long as a substantial part of the purported impropriety took place in a district, Plaintiff can file there, even if more impropriety occurred elsewhere. *See Ward*, 2007 WL 2323376, at *9 (holding that because "some of the alleged breaches of contract occurred at various locations, it would not be in the interest of justice to transfer the case to Utah. As in this case, absent an overwhelming situs where the events surrounding the action occurred, policy dictates that an action should be the Plaintiff's pejorative to choose his forum."). Consequently, this Court can discern no reason why severance and transfer is warranted when Plaintiff remains free to pursue litigation in any proper district as it sees fit. Accordingly, absent subsequent agreement by the parties, the Court declines to effectuate transfers when dismissal under § 1406(a) was sought, briefed, and is more appropriate under the circumstances currently found here.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

(1) The Court **GRANTS** the identified motions to dismiss predicated on a lack of venue. (Docs. # 19, 21, 23, 25, 27, 31, 33, 35.) The Court **DENIES AS MOOT** the parts of those eight motions asserting a lack of personal jurisdiction and alternatively requesting transfer under 28 U.S.C. § 1404(a).

(2) The Court **DENIES** the remaining motions to dismiss predicated on improper venue. (Doc. # 29, 37.) The Court **GRANTS** the part of those motions alternatively seeking transfer under § 1404(a).

(3) The Court severs the claims against Defendants pursuant to Federal Rule of Civil Procedure 21 and **DISMISSES** pursuant to § 1406(a) all the claims except those related claims asserted against Defendant Kimball Midwest and Defendant McGowan.[5] Said dismissal is without prejudice to refiling in the appropriate districts. The Court notes that should the parties reach an agreement as to transfer instead of dismissal, the Court is willing to effectuate transfer prior to issuing its judgment.

---

[5] Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Although the rule is titled "Misjoinder and Non-Joinder of Parties," Rule 21 " 'authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance.' " *Taylor v. CSX Transportation, Inc.*, Nos. 3:05 CV 7383 & 3:06 CV 1116, 2007 WL 120154, at *2 (N.D. Ohio Jan. 10, 2007) (quoting *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968)). "In fact, the language of Rule 21 does not limit its application to joinder, but only limits its use to 'such terms as are just.' " *Id.* Thus, courts have employed Rule 21, even without misjoinder, "to preserve personal jurisdiction, subject matter jurisdiction, and venue, as well as to facilitate transfer to another venue." *Id.* (citing 4 James W. Moore, *Moore's Federal Practice* § 21.02[1] (3d ed. 2006)).

(4) The Court schedules a telephone status conference for February 13, 2008, at 12:00 p.m., at which time the Court and the parties will discuss the effect of today's decision and the appropriate transfer district involved under § 1404(a), as well as the possibility of transfer under § 1406(a). Plaintiff shall initiate the call.

(5) The Clerk shall terminate without prejudice the remaining pending motions against all of the individual defendants except Defendant McGowan. (Docs. # 3, 4.) The motions also remain pending against Defendant Kimball Midwest.

(6) In order to provide the parties with time to discuss this decision and perhaps agree on the appropriate § 1404(a) transfer district and/or § 1406(a) transfers, the Court **STAYS** issuance of judgment until the status conference. Following that conference, the Court will instruct the Clerk to enter judgment in accordance with this Order, terminating this case upon the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE